## W. R. HERRON v. E. J. DE BARD.

Where an answer in an injunction cause denies all the material allegations in the petition, and the petitioner files an affidavit traversing one material fact, but leaves the truth of other equally material facts uncontroverted, it is proper to dissolve the injunction. (Paschal's Dig., Arts. 3934, 3935, Note 947.)

Where the injunction was properly dissolved, it becomes unnecessary to decide upon the propriety of reading the affidavit of the plaintiff contradicting the answer of the defendant. (Paschal's Dig., Arts. 3934, 3935, Note 947.)

ERROR from Ellis. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

On the 16th of July, 1860, Herron, the plaintiff in error, filed his petition in the court below, alleging substantially that De Bard had previously obtained judgment against him in the District Court of Ellis county for some $440, on which an execution had been issued; that since the rendition of such judgment De Bard had become justly indebted to petitioner in the sum of $253, on an open account due by De Bard to one William Peel, and by the latter transferred, in February, 1860, to petitioner; that said account as exhibited is just, due, and unpaid; that De Bard is wholly insolvent; that no part of said account could be collected by legal process; and that petitioner will lose the whole of said amount unless the judgment against him be restrained. Prayer for injunction, and that the amount due petitioner be allowed in part satisfaction of the judgment against him.

A temporary injunction was awarded on the petition; whereupon De Bard immediately answered under oath, that on the 25th of January, 1860, and previous to the transfer of the account by Peel to Herron, this defendant had in good faith transferred his judgment against Herron to one William J. Stokes, who thus became the legal owner of the judgment; that, although it is true that at one time defendant did contract with said Peel to build a

house for defendant, yet he had paid him the full amount equitably due him, and to the best of defendant's knowledge and belief he was not indebted to the plaintiff or his assignor, said Peel, in any sum whatever. And defendant charges that plaintiff procured said account for the purpose of hindering and delaying the collection of the judgment. Defendant denies that he is insolvent, as charged in the plaintiff's petition.

Stokes filed a petition of intervention, alleging that he had purchased the judgment from De Bard before any cause of action accrued to Herron against De Bard; and that Herron had notice, at the time he acquired the account from Peel, that the judgment had been transferred to this intervenor.

At the ensuing summer term, 1860, De Bard and Stokes moved the court to dissolve the injunction, because, among other reasons, the answer of De Bard denied all the material allegations of plaintiff's petition.

On the hearing of this motion, the plaintiff read without objection his affidavit, that the transfer of the judgment from De Bard to Stokes, if ever made, was not in good faith, nor for any good or valuable consideration, but was done in fraud, and for the purpose of covering up and preventing said judgment from being taken for the benefit of De Bard's creditors; that it is true affiant had heard that such a transfer had been made, but he had also learned and fully believed that it was made for the fraudulent purposes stated, and so charges the fact to be. That De Bard is the real owner of the judgment, and has claimed the right to control and has controlled it, with the full knowledge and consent of Stokes. And affiant filed with his affidavit some papers in the handwriting of De Bard and Stokes, showing, as he contended, that De Bard was still the true owner of the judgment in question.

The court below, on the petition, answer, affidavit, and exhibits, sustained the motion and dissolved the injunction,

rendered judgment in favor of De Bard against Herron and the sureties on his injunction bond for $25 30, as damages, and dismissed the petition, the parties not asking that it be continued for hearing.

The plaintiff moved for a new trial, on the grounds that there was error in the dissolution of the injunction and in adjudging damages. The motion was overruled, and plaintiff excepted.

*Hawkins & Kemble*, for the plaintiff in error, cited Sayles' Practice, §§ 175, 375.

*Ferris & Nicholson*, for the defendant in error.

COKE, J.—The answer, under oath, of the defendant in error to the petition for injunction is full and explicit, and denies all its material allegations. The indebtedness of De Bard to Peel, charged in the petition and alleged to have been transferred to plaintiff in error, and the insolvency of De Bard as charged, are distinctly denied.

These averments presented the only ground shown by the petition entitling the plaintiff in error to the injunction. A denial of the truth of either of them would have been sufficient to sustain the motion to dissolve. The whole case of the plaintiff in error is denied by the answer of the defendant. It is not perceived that the counter affidavit of the plaintiff in error adds anything to the equity, or in any way gives additional strength to his petition. This affidavit does not controvert the truth of that portion of the answer which denies the indebtedness to Peel, nor that portion of it which denies the insolvency of De Bard, and by failure to do so rather strengthens the force of the denials. No objection appears to have been made on the trial to the admission of this affidavit. Whether it was properly admitted is therefore not a question before us for decision.

The injunction was properly dissolved on defendant's motion. There is no error in the judgment, and it is affirmed. (Minturn v. Seymour, 4 Johns., 173; Lively v. Bristow, 12 Tex., 60.)

JUDGMENT AFFIRMED.